STATE OF RHODE ISLAND SUPERIOR COURT

PROVIDENCE, Sc.

SIMON J. RICHARDSON :
:
v. : C.A. No. 07-3746
:
WHITMARSH CORPORATION and :
BROTHER JOHN McHALE :
JOHN DOE and :
JANE DOE, individually and severally :

BM

**DEFENDANTS', THE WHITMARSH CORPORATION AND BROTHER JOHN McHALE'S ANSWER TO PLAINTIFF'S, SIMON J. RICHARDSON'S, COMPLAINT**

2007 AUG -6 A 10: 33
HENRY S. KINCH JR., CLERK
SUPERIOR COURT FILED

1. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 1 of plaintiff's complaint and accordingly leave plaintiff to his proof.

2. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 2 of plaintiff's complaint and accordingly leave plaintiff to his proof.

3. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 3 of plaintiff's complaint and accordingly leave plaintiff to his proof.

4. Admitted.

5. Defendant, Whitmarsh Corporation, admits that it has an agreement with DCYF regarding the residential group home.

6. Denied.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

7. Defendants admit that plaintiff was hired to teach mathematics at the Vision School which started mid-way through the 2003-2004 academic year.

8. Admitted.

9. Denied.

10. Admitted.

11. The assertions as stated are denied because Ms. Fuoroli 's certification in Rhode Island was pending and she was certified to teach in Massachusetts.

12. Admitted.

13. Defendants admit that there was an opening for a math teacher that plaintiff filled for the 2004-2005 academic year until he was removed in February of 2005 for performance issues.

14. Defendants deny the reference to Brother John McHale and that plaintiff was removed in February of 2006 and leave plaintiff to his proof regarding the remaining allegations contained in paragraph 14.

15. Denied.

16. Admitted.

17. Defendants admit that a written document was not provided to plaintiff but several verbal conversations took place regarding performance issues.

18. Defendants admit that a written document was not provided to plaintiff but several verbal conversations took place regarding performance issues.

19. Admitted but deny certification was a requirement.

20. Admitted but deny certification was a requirement.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

21. Denied.

22. Defendants deny the applicability of the statute set forth and accordingly leave plaintiff to his proof.

23. Defendants deny the applicability of the statute set forth and accordingly leave plaintiff to his proof.

24. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 24 of plaintiff's complaint and accordingly leave plaintiff to his proof.

25. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 25 of plaintiff's complaint and accordingly leave plaintiff to his proof.

26. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 26 of plaintiff's complaint and accordingly leave plaintiff to his proof.

27. Defendant admits that it receives limited governmental funds allocated for after school tutorial programs and denies the remaining allegations set forth in paragraph 27 of the complaint.

28. Defendants deny the applicability of the assertions made as applied to a non-profit private corporation.

29. Denied.

30. Denied.

31. Denied.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

32. Denied.

33. Defendants admit that plaintiff has worked as a residential counselor for the Whitmarsh Corporation.

34. Admitted.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 39 of plaintiff's complaint and accordingly leave plaintiff to his proof.

40. Denied.

41. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 41 of plaintiff's complaint and accordingly leave plaintiff to his proof.

42. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 42 of plaintiff's complaint and accordingly leave plaintiff to his proof.

43. Admitted.

44. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 44 of plaintiff's complaint and accordingly leave plaintiff to his proof.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

45. Denied.

46. Admitted.

47. Denied.

48. Denied.

49. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 49 of plaintiff's complaint and accordingly leave plaintiff to his proof.

50. Defendants admit only that a letter was sent to Brother John McHale dated July 29, 2005 and refer to the letter for the substance of what was stated.

51. Denied.

52. Defendants admit that plaintiff was asked to leave the facility on or about August 5, 2005 by his supervisor and was told to schedule a meeting with Brother John McHale.

53. Admitted.

54. Plaintiff was spoken to in person several times regarding job performance issues.

55. Denied.

56. Denied.

57. Denied.

58. As an accommodation, plaintiff was offered third shift position which plaintiff accepted. The remaining allegations are denied.

59. Admitted.

60. Defendants are without sufficient knowledge or information to either admit or

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

deny the truth of the allegations contained in paragraph 60 of plaintiff's complaint and accordingly leave plaintiff to his proof.

61. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 61 of plaintiff's complaint and accordingly leave plaintiff to his proof.

62. Denied.

63. Denied.

64. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 64 of plaintiff's complaint and accordingly leave plaintiff to his proof.

65. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 65 of plaintiff's complaint and accordingly leave plaintiff to his proof.

66. Defendants are without sufficient knowledge or information to either admit or deny the truth of the allegations contained in paragraph 66 of plaintiff's complaint and accordingly leave plaintiff to his proof.

67. Defendants admit that Ivy Booth was promoted and leave plaintiff to his proof regarding the remaining allegations

68. Denied.

69. Defendants admit only that Ivy Booth never sought employment as a teacher at the Vision School and leaves plaintiff to his proof regarding the remaining allegations set forth in paragraph 69 of the complaint.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Defendants admit only that the Human Rights Commission issued a probable cause determination on the retaliation claim only. Defendants deny that was an accurate conclusion based on the facts submitted.

75. Defendants refer to the letter dated March 30, 2007 from the Human Rights Commission relative to the findings made by that agency.

76. Admitted.

77. Denied.

78. Denied.

79. Denied.

80. Defendants admit that an evaluation was performed but deny the characterizations of that evaluation as alleged by plaintiff.

81. Denied.

82. Denied.

83. To the extent a response is required to this paragraph, the previous responses to paragraphs 80, 81 and 82 are incorporated herein.

84. Denied.

85. Denied.

86. Denied.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

87. Denied.

88. Denied.

89. Denied.

90. Defendants admit to having complied with all statutory and regulatory requirements that govern the private non-profit institution being operated by the Whitmarsh Corporation.

91. Defendant admits that it has a zero tolerance for discrimination.

92. Denied.

WHEREFORE, defendants, Whitmarsh Corporation and Brother John McHale, request that plaintiff's complaint be dismissed, judgment enter for defendants and defendants be awarded their costs.

**DEFENDANTS HEREBY CLAIM A TRIAL BY JURY.**

**Defendants,**
***The Whitmarsh Corporation and***
***Brother John McHale***
By their Attorney,

Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for retaliation under the law as no adverse employment action was taken and there was no causal connection and thus plaintiff's complaint

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for compensatory damages and has failed to allege any claim that is within the jurisdiction of the Superior Court and accordingly should be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for retaliation and should be dismissed as defendants are entitled to use their business judgment to hire and/or promote the best qualified candidate for the business needs of the Whitmarsh Corporation based on the particular facts and circumstances and accordingly plaintiff's complaint should be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrines of res judicata and/or collateral estoppel as there was a finding of "no probable cause" as to disability discrimination under §42-87-1, et seq. and §28-5-1, et seq. of the General Laws.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim under §16-64-1.1 and §16-11-1 of the General Laws as the Whitmarsh Corporation is a private, non-profit corporation. The Vision School operates under an agreement with the City of Providence and defendant has complied with the regulations that govern it. Plaintiff has no standing to pursue such a claim and accordingly these allegations as well as the complaint should be dismissed.

:rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint alleges conduct that occurred in 2004 and 2005 to which this court has no subject matter jurisdiction as administrative remedies were not pursued regarding those claims and therefore are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants plead the statute of limitations as a defense to the claims being asserted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff pleads the doctrine of estoppel and waiver.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for discrimination because even though plaintiff does not have an impairment that rises to the level of a disability, plaintiff was offered a reasonable accommodation which plaintiff accepted and thus plaintiff's complaint should be dismissed.

**TENTH AFFIRMATIVE DEFENSE**

Defendant has a written policy prohibiting discrimination in the work place and defendant duly complied with its policies and procedures.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of avoidable consequences and failure to mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim for punitive damages as there is no showing of

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

willful conduct, malice or reckless indifference to the statutorily protected rights that would warrant an award of punitive damages and accordingly any such claim should be dismissed.

**Defendants,**
***The Whitmarsh Corporation and***
***Brother John McHale***
By their Attorney,

Jessica L. Papazian-Ross, Esq. (#3905)
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

***CERTIFICATION***

The undersigned hereby certifies that a true copy of the within document was forwarded on this 6th day of August, 2007 via First Class Mail, postage pre-paid, to the following:

Simon J. Richardson
102 Seventh Street
Providence, RI 02906

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island