**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SIMON RICHARDSON**<br>Plaintiff | : | |
| v. | : | C.A. No. 07-309-ML |
| **WHITMARSH CORPORATION and**<br>**BROTHER JOHN McHALE**<br>**JOHN DOE and**<br>**JANE DOE, individually and severally** | : | Superior Court No. 07-3746 |

(AMENDED)
**COMPLAINT AND DEMAND FOR TRIAL**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action was begun in August 2005 by Simon Richardson (hereafter "Richardson" or "Plaintiff") against Whitmarsh Corporation (hereafter "Whitmarsh" or "Defendants"), Brother John McHale (hereafter "McHale" or "Defendant McHale"), and Ivy Reeve, a/k/a Ivy Booth. Plaintiff contacted the Rhode Island State Commission for Human Rights in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12001 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq.; the Rhode Island Fair Employment Practices Act, R.I.G.L. §§ 28-5-1 et. seq., in addition to other federal, state, and common law claims.

When the Plaintiff received a probable cause for violation of law finding from the Rhode Island State Commission for Human Rights, Defendants sought removal to Superior Court. Plaintiff was sent a right-to-sue letter and duly complied with all

procedural rules and filed complaint 07-3746 in Superior Court, attached and recorded with Defendants' Notice of Removal and subsequent filings of 8/16/07.

## JURISDICTION AND VENUE

1. Defendants have argued Jurisdiction and Venue in their Notice of Removal.

2. Plaintiff does not object to these arguments.

3. Plaintiff does, for the record, offer a prospective lack of objection to this Court's exercise of discretion, on the merits, facts, or other aspects of the case in remanding this case to Superior Court for further proceedings.

4. Plaintiff attaches (Exhibit A) the right-to-sue notice provided by the Equal Employment Opportunity Commission ("EEOC"), dated June 12, 2007, and submitted to this court within the requisite 90-day period of its issuance;

## PARTIES

5. The Plaintiff, Simon Richardson, an individual, is a citizen and resident of the City of Providence, Rhode Island.

6. On information and belief, Whitmarsh Corporation, maintaining an office at 1055 North Main Street, Providence, R.I. and a mailbox (P.O. Box 72832) for business purposes, and/or Whitmarsh

Corporation's successors and assigns, (hereinafter referred to as "Defendants") is an entity doing business with the State of Rhode Island and various municipalities therein;

7. Brother John McHale, regardless of variations or obscurity of title or letterhead, has at the time of this writing and at all times material to this action assumed a central role in the management, policies, implementations, directives, and actions undertaken by, through, and for Whitmarsh Corporation with respect to the Plaintiff's action;

8. At all times material to this action, Defendants were and are an employer covered under the provisions of R.I.G.L. § 28-5-6 (iv) 7;

9. At all times material to this action, Defendants qualified as an employer and/or a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 et seq., and R.I.G.L. § 28-5-6;

10. At all times material to this action, Defendants qualified as an employer and/or a covered entity pursuant to applicable provisions of R.I.G.L. § 42-87-3;

11. At all times relevant to this action, Plaintiff was and is an "individual" within the meaning of 42 U.S.C. §§ 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. § 12112 (a); and is otherwise covered as an individual and/or an employee under the provisions of R.I.G.L. § 28-5-6 et seq.;

**12.** At all times relevant to this action, Plaintiff was and is "disabled" under the provisions of R.I.G.L. § 42-87-1 et seq.;

13. At all times relevant to this action, Plaintiff was and is "disabled" under the Americans with Disabilities Act, 42 U.S.C. § 12102-2-b;

14. At all times material to this action, Plaintiff was protected and qualified to assert this action, under the provisions of § 42-87-3 (2) (v), § 28-5-3, § 42-112-1 et seq., R.I.G.L. § 42-87-1 et seq., and the Americans with Disabilities Act;

15. At all times material to this action, on information and belief, all those managers, supervisors, or administrators who engaged in the acts alleged by the Plaintiff to be violations of either Rhode Island or Federal statutory requirements for workplace conditions did so at the direction, request, command, and/or under instructions from Brother John McHale;

16. On information and belief, none of the those managers, supervisors, or administrators who engaged in the acts alleged by the Plaintiff have been subjected to any discipline, reprimand, or demotion as a result of their actions;

17. The details of the fact pattern are preserved in the Superior Court Complaint (07-3746) filed by the Plaintiff;

18. The Plaintiff informs this Honorable Court that very few facts in the case are in dispute, and the Defendants have admitted the following conduct:

a. Removing the Plaintiff from his teaching position without documentation;

b. Removing the Plaintiff from his teaching position without process, notice, or hearing, or even a specified cause;

c. Replacing the Plaintiff with an individual who was not certified by the State of Rhode Island to teach any subject;

d. After the Plaintiff, in his next capacity as residential counselor, discovered, researched and discussed inadequate care practices, placing the Plaintiff on a leave for approximately four months with no documentary or logical communication or explanation;

e. Informing the Plaintiff the only way he could be accommodated as a qualified individual with a disability was to put him on the overnight shift;

f. Failing to inform the Plaintiff of opportunities for promotion;

g. Promoting Ivy Reeve, a/k/a Ivy Booth to a position that was never posted, advertised, or otherwise made known to employees (or anyone else) who may have wanted to apply;

h. Ignoring Plaintiff's attempts to return to a teaching position, and awarding teaching positions to individuals who are not certified by the State of Rhode Island to teach;

i. Accepting "public money" to instruct secondary pupils without complying with the requirements for certified teachers specified in

R.I.G.L. § 16-11-1 and described in 20 U.S.C. § 7801-23 (A) (i) et seq.;

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Change in Conditions of Employment)**

19. Plaintiff was removed from his classroom responsibilities at the Vision School, or Project Vision, in early 2005, by Brother John McHale;

20. The individual hired to replace the Plaintiff was not merely less qualified – the individual lacked the certification required by law for the position;

21. This was a wholly unjustifiable change in the conditions of Plaintiff's employment;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Inappropriate Use of Leave)**

22. On July 29, 2005, Plaintiff informed Brother John McHale that the Plaintiff was a "qualified individual" under the Americans with Disabilities Act;

23. At the same time, Plaintiff was trying to resolve issues concerning the practices and procedures of his employer through the Rhode Island Department of Children, Youth, and Families ("DCYF"), who Plaintiff believed to be the supervising agency;

24. On or about August 4, 2005, when reporting for work, the Plaintiff was sent home by a supervisor, and informed he would have to meet with Brother John McHale. At the time, it was not made clear to the Plaintiff whether he would be paid and whether his health insurance benefits would continue;

25. The Plaintiff collected a full 80-hour paycheck on the following pay day, and every two weeks thereafter, for approximately four months, and despite a meeting with Brother John McHale, remained in an uninformed, limbo-like state;

26. This was an unjustified, inappropriate, discriminatory, retaliatory, and improper use of leave, in violation of R.I.G.L. § 42-87-3 (2) (v), which prohibits discrimination in the use of "Leave of absence, sick leave, or any other leave";

27. No documentation regarding the leave was given to the Plaintiff during the leave;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Retaliation for contacting supervising agencies)**

28. Plaintiff had, out of concern for the safety and welfare of children in DCYF custody placed in the care of Whitmarsh as well as his own safety, sought clarification regarding medications for the residents of the group home at 20 Eighth Street;

29. In the course of the conversation with DCYF, Plaintiff learned that two overnight awake staff were required by DCYF;

30. In the course of the same conversation, DCYF learned Defendants at that time were in the practice of arranging only one overnight awake staff at residences;

31. When Brother John McHale informed the Plaintiff (at a meeting in early August 2005) DCYF was informed by "someone" working at 20 Eighth Street, Plaintiff readily informed McHale how he had called and the substance of the conversation;

32. Defendant McHale made no secret of his displeasure;

33. Plaintiff's mysterious and unjustified leave ran from early August 2005 to late November 2005 – immediately after the events described in paragraphs 28-32;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Retaliation for Contacting the Rhode Island Commission for Human Rights)**

34. Plaintiff contacted the Rhode Island Commission for Human Rights and the Governor's Council on Disabilities prior to learning he was on leave;

35. On information and belief, one or both of these agencies contacted Brother John McHale in early August 2005;

36. Plaintiff's mysterious and unjustified leave ran from early August 2005 to late November 2005 – immediately after the events described in paragraphs 34 an 35;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT V**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Retaliation – Third Shift Assignment)**

37. Plaintiff's leave ended when Defendant McHale offered the Plaintiff a work schedule as follows: Mondays, 12 am (Sundays at midnight) to 4pm; Tuesdays off; Wednesdays 11pm to Thursdays 7 am; Fridays off; Saturdays 12am (Fridays at midnight) to 8 am; Sundays 12am (Saturdays at midnight) to 8 am;

38. This schedule was not justified by any non-negotiable necessities of Whitmarsh obligations;

39. In less than a year, Plaintiff, who has a Master's Degree and Lifetime Teacher Certification, had been removed from serving in a professional capacity to a position that required, in essence, no more than staying awake and making periodic phone calls and visual bed checks on sleeping residents;

40. This was a violation of R.I.G.L. § 28-5-3 and § 28-5-5, and the federal statutes cited above;

41. Plaintiff was in no position to resign or accept termination, having ongoing health concerns and other obligations;

42. Plaintiff was and is entitled, under R.I.G.L. § 28-5-3, § 28-5-5, and the Americans with Disabilities Act, to different treatment than that described above;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT VI**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Retaliation – Denial of Promotion)**

43. Plaintiff is unaware of the precise salary and benefits paid and otherwise made available to Ms. Reeve, a/k/a Ms. Booth, yet states on information and belief that her earnings from Whitmarsh are larger than the Plaintiff's;

44. As described in paragraph 17f and 17g, Defendants have admitted promoting Ms. Reeve, a/k/a Ms. Booth, without posting the position o which she was promoted;

45. Plaintiff and Ms. Reeve, a/k/a Ms. Booth, have comparable levels of education, and the Plaintiff, on information and belief, has more experience with youth;

46. This denial of opportunity for promotion harmed the Plaintiff with respect to any future possibilities of promotion;

47. This denial of opportunity for promotion harmed the Plaintiff financially;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT VII**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112**
**Discriminatory Terms and Conditions of Employment (Retaliation – Hiring of Individuals not merely less qualified, but inadequate under Rhode Island State Law)**

48. Plaintiff alleges, on information and belief, that through the 2006-2007 school year, Whitmarsh Corporation employed a Special Education teacher, one Tara Gibson or Tara Gibsen;

49. Plaintiff alleges, on information and belief, Ms. Gibson or Gibsen was not certified to teach Special Education or anything else by the State of Rhode Island;

50. At least two other individuals were employed by Whitmarsh Corporation to teach in the Vision School or Project Vision during the 2006-2007 school year, although neither was certified to teach any subject by the State of Rhode Island;

51. Defendants' actions in paragraphs 46-48 not only harmed the Plaintiff – they also, by placing youth, the responsibility for whose care was assumed by the State of Rhode Island *in loco parentis*, in the care of individuals who lacked the credentials required by the very same State of Rhode Island to supervise and instruct children abiding in homes that do not require intervention or assistance, were in willful disregard of the needs of a vulnerable and nearly powerless population, whose only shield is the language of applicable statutes and the willingness of the judicial branch to enforce the same;

52. Plaintiff wrote to Brother John McHale in August of 2006, expressing interest in teaching in Project Vision, or the Vision School;

53. Plaintiff contends it was not merely a violation of his rights under state and federal law, but also on behalf of the students in question a violation of R.I.G.L. § 16-11-1, R.I.G.L. § 16-64-1.1 (a), 20 U.S.C. § 1400 et seq., 34 C.F.R. 300 et seq., ("IDEA") and probably the Fourteenth Amendment to the United States Constitution to hire uncertified individuals while receiving "public money" to provide educational services;

54. Plaintiff contends that it is not in any school or agency's interest to willfully violate the hard-won rights of individuals with as many challenges and as few social resources as youth in R.I. (or any other state's) custody;

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, including but not limited to:

a. an order that Defendants hereinafter institute and carry out policies, practices, and programs that provide equal employment opportunities to qualified individuals regardless of disability status;

**b.** an order that Defendants make whole the Plaintiff with appropriate reinstatement to an instructional position;

**c.** an order that Defendants make whole the Plaintiff by providing compensation for pecuniary losses, including but not limited to the salary differential between the inappropriate promotion of Ms. Reeve, a/k/a Ms. Booth, and the Plaintiff's current earnings;

**d.** an order that Defendants make whole the Plaintiff with appropriate compensation for causing the Plaintiff four months of uncertainty and anxiety while on an inappropriate and undocumented leave;

**e.** an order that Defendants make whole the Plaintiff with appropriate compensation for causing the Plaintiff, at the time of this writing, nearly two years of disordered sleep patterns and attendant stresses;

**f.** grant punitive damages, as appropriate, for the Defendants' willful actions;

**g.** any and all penalties and damages available pursuant to state or federal statute; and

**h.** grant such further relief as this court deems necessary and proper;

FURTHERMORE, Plaintiff respectfully requests this Honorable Court:

a. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, declare unconstitutional and unlawful:

i) Defendants' admitted violations of education law with respect to providing youth in R.I. custody with uncertified teachers and depriving them of their rights under R.I.G.L. §

16-64-1.1 (a), 20 U.S.C. § 1400 et seq., 34 C.F.R. 300 et seq., and the Equal Protection guarantees in the Fourteenth Amendment of the United States Constitution;

ii) Defendants' admitted violations of the Fair Employment Practices Act.

DATED: September 7, 2007

Respectfully submitted,

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff

**CERTIFICATION**

I hereby certify that I sent a copy of the foregoing by first-class mail to Defendants' attorneys, DAVID A. WOLLIN and JAIME J. LAPORTE, Esquires, of

ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

On this 7th day of September 2007.

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff