**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SIMON RICHARDSON<br>Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-309ML |
| | : | |
| WHITMARSH CORPORATION and<br>BROTHER JOHN MCHALE,<br>JOHN DOE and JANE DOE<br>Individually and severally<br>Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL**

Defendants Whitmarsh Corporation and Brother John McHale hereby move, pursuant to Rules 8(a), 8(e)(1) and 15 of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint and Demand for Trial filed by Plaintiff. The grounds for Defendants' Motion are set forth in the accompanying memorandum of law.

Dated: Providence, Rhode Island
September 14, 2007

WHITMARSH CORPORATION and
BROTHER JOHN McHALE
By their attorneys,

/s/ Jaime J. LaPorte
DAVID A. WOLLIN (#4950)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
dwollin@apslaw.com
jlaporte@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Motion to Dismiss to Plaintiff's Amended Complaint and Demand for Trial was mailed to the following by first class mail postage prepaid on this 14th day of September 2007:

Mr. Simon Richardson
102 Seventh Street
Providence, RI 02906

/s/ Jaime J. LaPorte

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SIMON RICHARDSON | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-309ML |
| | : | |
| WHITMARSH CORPORATION and | : | |
| BROTHER JOHN MCHALE, | : | |
| JOHN DOE and JANE DOE | : | |
| Individually and severally | : | |
| Defendants. | : | |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL</u>**

Defendants Whitmarsh Corporation ("Whitmarsh") and Brother John McHale submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Amended Complaint and Demand for Trial ("Amended Complaint"). Defendants move to dismiss Plaintiff's Amended Complaint on two grounds. First, Plaintiff's Amended Complaint was improperly filed under Rule 15(a) of the Federal Rules of Civil Procedure because Plaintiff did not seek consent of the Defendants or leave of the Court prior to filing. Second, Plaintiff's Amended Complaint fails to comply with the requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure because the scope of the legal claims Plaintiff is asserting in this case is unclear and not concise.

## <u>ARGUMENT</u>

### A. <u>Plaintiff's Amended Complaint Was Filed Without Leave Of The Court Or Consent Of The Defendants</u>

Under Fed. R. Civ. P. 15(a), once an answer or other responsive pleading has been filed, the plaintiff can only amend his or her complaint "by leave of court or by written consent of the adverse party." In this case, Plaintiff filed his original Complaint on or about July 20, 2007.

Defendants answered the Complaint on August 6, 2007. On or about September 7, 2007, without notice to Defendants or consent of the Court, Plaintiff filed an Amended Complaint. Plaintiff's failure to seek leave of the Court or consent of the Defendants prior to filing the Amended Complaint is in violation of Fed. R. Civ. P. Rule 15(a). Accordingly, Plaintiff's Amended Complaint should be dismissed by the Court.

B. Plaintiff's Amended Complaint Fails To State A Short And Plain Statement Of The Claims Being Asserted

Not only has Plaintiff failed to comply with Fed. R. Civ. P. 15(a), Plaintiff's Amended Complaint does not comport with the requirements of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the claims, and 8(e)(1), which requires pleadings to be "simple, concise and direct." In his Amended Complaint, Plaintiff asserts seven counts all of which are identified as claims solely under the Americans with Disabilities Act. In the introductory paragraph of his Amended Complaint, however, Plaintiff makes limited references to statutes such as the Family and Medical Leave Act, the Rhode Island Fair Employment Practices Act and "other federal, state and common law claims." In addition, scattered throughout the body of the Amended Complaint, Plaintiff states that Defendants violated Rhode Island law governing teacher certifications, R.I. Gen. Laws §§ 16-11-1 and 16-64-1.1, federal law governing educational rights of students with disabilities, 20 U.S.C. §1400, *et seq*., as well as the Fourteenth Amendment of the United States Constitution. In short, it is not clear which statutes, federal or state, Plaintiff is relying upon for his claims in this case. Accordingly, the Amended Complaint should not be allowed by the Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Amended Complaint should be dismissed.

Dated: Providence, Rhode Island
September 14, 2007

WHITMARSH CORPORATION and
BROTHER JOHN McHALE
By their attorneys,

/s/ Jaime J. LaPorte
DAVID A. WOLLIN (#4950)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
dwollin@apslaw.com
jlaporte@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Demand for Trial was mailed to the following by first class mail postage prepaid on this 14th day of September 2007:

Mr. Simon Richardson
102 Seventh Street
Providence, RI 02906

/s/ Jaime J. LaPorte

*428659_1.doc*