**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SIMON RICHARDSON**<br>Plaintiff | : | |
| v. | : | C.A. No. 07 – 309ML |
| **WHITMARSH CORPORATION and**<br>**BROTHER JOHN McHALE**<br>**JOHN DOE and**<br>**JANE DOE, individually and severally** | : | Superior Court No. 07-3746 |

**OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

1. Now comes the Plaintiff, SIMON RICHARDSON, pro se, and hereby objects to **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL**. The grounds for Plaintiff's Objection are enumerated in the attached **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO DISMISS**.

WHEREFORE, Plaintiff prays this Honorable Court accept this Objection and moves this Honorable Court to dismiss Defendants' Motion of September 14, 2007, or in the alternative described in above-mentioned **PLAINTIFF'S MEMORANDUM**, grant Plaintiff leave to submit his **(AMENDED) COMPLAINT AND DEMAND FOR TRIAL** under Rule 11(f) or any other exercise of this Honorable Court's discretion.

DATED: October 1, 2007

Respectfully submitted,

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff

# CERTIFICATION

I hereby certify that I sent a copy of the foregoing by first-class mail to Defendants' attorneys, DAVID A. WOLLIN and JAIME J. LAPORTE, Esquires, of

ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

On this 1st day of October 2007.

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SIMON RICHARDSON**<br>Plaintiff | : | |
| v. | : | C.A. No. 07 – 309ML |
| **WHITMARSH CORPORATION and**<br>**BROTHER JOHN McHALE**<br>**JOHN DOE and**<br>**JANE DOE, individually and severally** | : | Superior Court No. 07-3746 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

Now comes the Plaintiff, SIMON RICHARDSON, pro se, and submits the following for consideration of this Honorable Court:

1. *Plaintiff's Amended Complaint is proper.* As Plaintiff reads, he is not *per se* required to seek permission to amend his complaint under Rule 15(a) since:
   a) the action had not been placed on the trial calendar;
   b) no amended responsive pleading had been served pursuant to the Defendants' response filed in Superior Court on August 6, 2007;

c) Plaintiff's Amended Complaint was filed within 20 days, not counting the holiday Labor Day, of the Defendants' Removal of the action to United States District Court, a change of forum;

2. *Plaintiff requests, in the alternative interpretation that he is in error under the Rules of Federal Procedure, the Court's leave to submit his Amended Complaint*. Plaintiff acknowledges and admits that as an English teacher or otherwise he received no specialized training in the law, and hereby expresses regrets to the Court and opposing counsel if he has erred;

3. *Defendants' Motion to Dismiss is factually incomplete.* Defendants' objection elides, omits, and fails to mention significant events between Defendants' Answer on August 6, 2007, and Plaintiff's Amended Complaint of September 7, 2007, viz. Defendants' Counsel of record Jessica Papazian-Ross, Esq., withdrew; Jaime LaPorte, Esq., and David Wollin, Esq., entered their appearance, and this matter, by the latters' initiative, previously 07-3746 at Superior Court, was removed to United States District Court;

4. *Plaintiff's Amended Complaint is appropriate to the abrupt change of forum.* Pursuant to Rule 11(f) ("All pleadings shall be so construed as to do substantial justice") Plaintiff filed his Amended Complaint to enter onto the record those Federal Statutes and Regulations which conform to and support the Rhode Island General Laws cited in his original complaint, which was written for the Superior Court and cited numerous Rhode Island General Laws;

5. *The interests of "substantial justice" necessitate an exploration of the Defendants' admitted conduct.* Whoever authored the phrases quoted in Paragraphs 25 and 26 of Plaintiff's Superior Court Complaint, supported by Exhibits D and E of the same document, appears to be in violation of not only R.I.G.L. **§ 16-11-1,** R.I.G.L. **§ 16-64-1.1 (a),** but also may be in violation of 18 U.S.C. § 1018 (and, insofar as the Providence School Board may be considered a quasi-judicial body, even 18 U.S.C. § 242, with respect to the rights of the minor children under Whitmarsh's contractually established care) and/or any of the statutes which address "Obtaining Money Under False Pretenses";

6. *Plaintiff is likely to succeed on the merits.* With respect to the part of Plaintiff's Complaint addressing Rhode Island State Teacher Certification, the Rhode Island Supreme Court has previously upheld the necessity of State Certification statutes[1]: "The legislature's meaning and intention must first be sought in the statute itself, and if the language is plain and unambiguous, and expresses a single definite and sensible meaning, that meaning is conclusively presumed to be the Legislature's intended meaning and the statute must be interpreted literally";

7. *To effect Removal to the U.S. District Court, and simultaneously move to dismiss Plaintiff's submission of clarified Federal claims, invites a conclusion the Defendants may be forum-shopping.* Defendants have already requested a change of venue from the Human Rights Commission to Superior Court;

---

[1] Cranston Teacher's Association v. Cranston School Committee, 424 A 2d. 648

Plaintiff's allegations of Defendants' violating his rights under the Americans with Disabilities Act predate his Human Rights Commission complaint; forum-shopping is both statutorily and judicially discouraged[2],[3];

8. *Defendants' Section B is itself vague and has no apparent merit.* Defendants' Rule 8(a) and 8 (e)(1) arguments are either disingenuous or persiflage and neither is worthy of this Court's consideration. Plaintiff admits he is baffled by Section B of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL**, since he adjudged his writing already "simple, concise and direct"; in addition to redirecting Defendants to pages 1-2 and 5-6 of his previous filing, Plaintiff has included a short Appendix to this Motion for the purposes of simplicity.

DATED: October 1, 2007

Respectfully submitted,

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff

---

[2] Ferens et ux. v. John Deere Co., aka Deere & Co. 494 U.S. 516; 110 S. Ct. 1274; 108 L. Ed. 2d 443; 1990 U.S. LEXIS 1197; 58 U.S.L.W. 4333

[3] American Jurisprudence 2d, Federal Courts: § 1276 (p. 650) "Because 28 U.S.C. § 1404 (a) is designed to remedy the *evils of forum-shopping…*" (emphasis added)

**APPENDIX to OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

| **DEFENDANTS' CONDUCT** | **LAWS PLAINTIFF BELIEVES WERE VIOLATED** |
|---|---|
| Removing the Plaintiff from his teaching position without documentation; | R.I.G.L. § **16-13-1,** R.I.G.L.§ **16-13-4,** 42 U.S.C. § 1983 (b) |
| Removing the Plaintiff from his teaching position without process, notice, or hearing, or even a specified cause; | R.I.G.L. § **16-13-4**<br>R.I.G.L. § **28-5-5** |
| Replacing the Plaintiff with an individual who was not certified by the State of Rhode Island to teach any subject; | R.I.G.L. § **16-11-1,**<br>20 U.S.C. § 7801-23 (A) (i) et seq. |
| After the Plaintiff, in his capacity as residential counselor, discovered, researched and discussed inadequate care practices, placing the Plaintiff on a leave for approximately four | § **28-5-7** (5)<br>§ **42-87-3** (2) (v)<br>29 U.S.C. §§ 2601<br>Intentional Infliction of Emotional Distress |

| | |
|---|---|
| months with no documentary or logical communication or explanation; | (Common Law) |
| Informing the Plaintiff the only way he could be accommodated as a qualified individual with a disability was to put him on the overnight shift; | **§ 28-5-7** (1) (iv)<br>42 U.S.C. § 12102-2-b<br>42 U.S.C. § 12101<br>42 U.S.C. § 12112 |
| Failing to inform the Plaintiff of opportunities for promotion; | R.I.G.L. **§ 42-87-3** (2) (i)<br>R.I.G.L. **§ 28-5-3** |
| Promoting Ivy Reeve, a/k/a Ivy Booth to a position that was never posted, advertised, or otherwise made known to employees (or anyone else) who may have wanted to apply; | R.I.G.L. **§ 42-87-3** (2) (i)<br>R.I.G.L. **§ 28-5-5**<br>42 U.S.C. § 12112<br>R.I.G.L. **§ 28-5-3** |
| Ignoring Plaintiff's attempts to return to a teaching position, and awarding teaching positions to individuals who are not certified by the State of Rhode Island to teach; | R.I.G.L. **§ 42-87-3** (2) (iv)<br>R.I.G.L. § 16-64-1.1 (a)<br>34 C.F.R. 300 et seq., ("IDEA") |

| | |
|---|---|
| Accepting "public money" to instruct | R.I.G.L. § 16-11-1 |
| secondary pupils without complying with | R.I.G.L. § 16-64-1.1 (a) |
| the requirements for certified teachers; | 20 U.S.C. § 7801-23 (A) (i) et seq. |

Please note this is intended to clarify **PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR TRIAL**, and is filed to include, not to limit, statutes under which the Plaintiff seeks relief.

DATED: October 1, 2007

Respectfully submitted,

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff

**CERTIFICATION**

I hereby certify that I sent a copy of the foregoing by first-class mail to Defendants' attorneys, DAVID A. WOLLIN and JAIME J. LAPORTE, Esquires, of

ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

On this 1st day of October 2007.

SIMON RICHARDSON, pro se
102 Seventh Street
Providence, RI 02906
(401) 270 - 1940
Plaintiff