UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMON RICHARDSON,<br>Plaintiff,<br><br>v.<br><br>WHITMARSH CORPORATION and<br>BROTHER JOHN McHALE,<br>JOHN DOE and JANE DOE,<br>individually and severally,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 07-309 ML |

**ORDER**
**DISMISSING**
**AMENDED COMPLAINT**[1]

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Demand for Trial (Document ("Doc.") #5) ("Motion to Dismiss" or "Motion"). Defendants seek dismissal of the Amended Complaint and Demand for Trial ("Amended Complaint") (Doc. #4) which Plaintiff filed on September 7, 2007. Defendants state that the Amended Complaint was improperly filed under the Federal Rules of Civil Procedure because Plaintiff did not seek consent of Defendants or leave of the Court prior to filing it. See Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint and Demand for Trial ("Defendants' Mem.") at 1. Defendants additionally claim that the Amended Complaint does not comply with Rule 8(a) and e(1) because the scope of the legal claims Plaintiff is asserting is unclear and not concise. See id.

Plaintiff has filed an objection to the Motion. See Objection to Defendants' Motion to Dismiss (Doc. #7)

---

[1] This Order also denies Plaintiff's request for leave to file his Amended Complaint and Demand for Trial (Document ("Doc.") #4) ("Amended Complaint"). See Discussion infra at 4. However, the denial is without prejudice to Plaintiff's right to file a motion for leave to file a second amended complaint. See id.

("Objection"). He initially contends that he was not required to seek permission pursuant to Fed. R. Civ. 15(a).[2] See Plaintiff's Memorandum of Law in Support of Objection to Defendants' Motion to Dismiss ("Plaintiff's Mem.") at 1-2. However, Plaintiff is mistaken in this belief, as Defendants filed a responsive pleading prior to Plaintiff filing his Amended Complaint. See Doc. #2 (State Court Record[3]). Thus, pursuant to Rule 15(a) he was required to seek permission of the Court or consent of Defendants prior to filing his Amended Complaint.

Plaintiff alternatively requests leave to file his Amended Complaint. See Plaintiff's Mem. at 2. In support of this request, Plaintiff states that he has no specialized training in the law. See id. The Court recognizes that Plaintiff is proceeding pro se. However, while Rule 15(a) requires that leave to file an amended complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and a pro se litigant's pleadings are to be read with an extra degree of solicitude, see Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), Plaintiff's

---

[2] Federal Rule of Civil Procedure 15(a) states:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. Civ. P. 15(a).

[3] The State Court Record includes the Answer which Defendants filed in the Providence Superior Court on August 6, 2007. See Doc. #2 (State Court Record).

Amended Complaint is problematic.

First, an amended complaint should be complete in itself. Once it is filed, the original complaint is a nullity. See Lucente v. I.B.M. Corp., 310 F.3d 243, 260 (2nd Cir. 2002)("[A]n amended complaint ordinarily renders the original complaint of no legal effect."). Therefore, an amended complaint should be capable of being understood without referring to the prior complaint or to other documents. Plaintiff's Amended Complaint appears to omit facts which presumably explain the basis for Plaintiff's claims. It seemingly refers the reader to the original Complaint for those facts. See Amended Complaint ¶ 17. Thus, it is not possible to read the Amended Complaint by itself and clearly understand the basis for Plaintiff's claims. Between the two documents, the original Complaint comes closer to satisfying the requirements of Fed. R. Civ. P. 8(a).[4]

Second, the Amended Complaint is confusing in that it contains seven counts, all of which appear to assert violations of the Americans with Disabilities Act, see id. ¶¶ 19-54, but interspersed throughout the pleading are references to other federal and state statutes. Thus, Defendants validly complain that it is not clear upon which statutes, federal or state, Plaintiff is relying for his claims in this case. See

---

[4] Fed. R. Civ. P. 8(a) provides:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (bold added).

Defendants' Mem. at 2.

Plaintiff attempts to address this uncertainty by "redirecting Defendants to pages 1-2 and 5-6 of his previous filing ..., Plaintiff's Mem. at 4, and also by attaching an appendix to his memorandum which purports to identify what conduct by Defendants violates what statutes, see id. at 5-7. However, as explained above, an Amended Complaint must be complete in itself. Thus, Plaintiff may not "re-direct[]" Defendants to his prior Complaint. In addition, the appendix does not remove the uncertainty as to the basis for the claims pled in the Amended Complaint. The Amended Complaint contains seven counts, but the relationship between these counts and the information contained in the appendix is unclear. The appendix seemingly describes in nine paragraphs conduct by Defendants and for each paragraph indicates statutes which Plaintiff contends such conduct violated.[5] However, there is no indication what conduct and which statutes relate to which count of the Amended Complaint. Thus, the uncertainty as to the basis for the claims (counts) pled in the Amended Complaint still exists.

Given the these deficiencies, to the extent that Plaintiff seeks leave to file the Amended Complaint, Plaintiff's request is DENIED. This denial is without prejudice to the right of Plaintiff to file a motion for leave to file a second amended complaint which complies with the Federal Rules of Civil Procedure and is free of the uncertainties identified in this Order. Accordingly, for the reasons stated above, Defendants' Motion to Dismiss the Amended Complaint is GRANTED. The effect of this ruling is to leave the original Complaint as the operative Complaint in this matter.

---

[5] For one paragraph, Plaintiff also indicates that the conduct provides a basis for an intentional infliction of emotional distress cause of action. See Plaintiff's Mem. at 5.

/S/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 16, 2007