**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SIMON RICHARDSON<br>Plaintiff,<br><br>v.<br><br>WHITMARSH CORPORATION and<br>BROTHER JOHN MCHALE,<br>JOHN DOE and JANE DOE<br>Individually and severally<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-309ML-DLM |

**RULE 26(f) PROPOSED DISCOVERY PLAN**

Pursuant to the Order of this Court and Fed. R. Civ. P. 26(f), counsel for the Defendants Whitmarsh Corporation ("Whitmarsh") and Brother John McHale, have conferred with Plaintiff Simon Richardson, appearing pro se, and propose the following discovery plan[1]:

1. The parties will submit initial disclosures as required under Fed. R. Civ. P. Rule 26(a)(1).

2. The Parties anticipate that discovery will be needed on the following subjects:

   a. Information establishing whether Plaintiff is disabled as defined under the Americans with Disabilities Act;

   b. Information regarding whether Plaintiff was able to perform the essential functions of his position with or without a reasonable accommodation;

   c. Information regarding whether Plaintiff was discriminated against based on an alleged disability;

   d. Information regarding whether Plaintiff requested and/or was provided a reasonable accommodation;

   e. Information regarding whether Plaintiff was retaliated against for requesting an accommodation; and

---

[1] Plaintiff Simon Richardson indicated that he will be submitting a separate discovery plan.

f. Information regarding the damages suffered by Plaintiff, if any.[2]

3. The Parties anticipate exchanging written discovery including requests for production of documents and interrogatories.

4. The Defendants anticipate deposing Plaintiff, Plaintiff's health care provider(s) and any other fact witnesses identified by Plaintiff during discovery. Plaintiff indicated that he has not determined whether he will take any depositions.

5. The Parties propose a period of six to eight months to conduct the aforementioned discovery.

6. Experts:

a. The Plaintiff has not determined whether he will be presenting expert testimony in support of his claims.

b. Plaintiff should identify any experts first, followed two months later by Defendants' rebuttal experts, with reasonable amounts of time to depose any experts.

7. The Parties do not suggest any changes to be made in the limitations on discovery imposed under the federal rules or by any local rule.

8. The Parties do not anticipate any issues relating to electronic discovery.

9. The Parties do not suggest any other orders to be entered by the Court at this time under Rule 26(c) or under Rule 16.

Dated: Providence, Rhode Island
February 22, 2008

[2] Plaintiff indicated that he will also be seeking discovery on the issue of whether Defendants complied with Rhode Island law governing teacher certifications. Defendants will object to any such discovery on the basis that Plaintiff lacks standing to assert a violation of teacher certification requirements.

WHITMARSH CORPORATION
By its attorneys,

/s/ Jaime J. LaPorte

DAVID A. WOLLIN (#4950)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
dwollin@apslaw.com
jlaporte@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Proposed Discovery Plan was mailed to the following by first class mail postage prepaid on this 22nd day of February 2008:

Mr. Simon Richardson
102 Seventh Street
Providence, RI 02906

/s/ Jaime J. LaPorte

*430173_1.doc*