UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMON J. RICHARDSON,

Plaintiff,

v.

WHITMARSH CORPORATION and
BROTHER JOHN McHALE,

Defendants

C.A. No. 07-309 ML

**DEFENDANTS' MOTION TO COMPEL**
**INITIAL DISCLOSURES AND RESPONSES TO DISCOVERY REQUESTS**

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rules Cv 7 and Cv 37, Defendants Whitmarsh Corporation and Brother John McHale hereby move this Honorable Court for an order compelling Plaintiff to submit his Initial Disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1), and to respond to Defendants' First Set of Interrogatories to Plaintiff, and Defendants' First Request for Production of Documents to Plaintiff (hereinafter, together, the "Written Discovery").

FACTUAL BACKGROUND

This action was brought by Simon Richardson, an employee of Whitmarsh Corporation ("Whitmarsh"). Whitmarsh is a non-profit organization that provides a continuum of care and services for at-risk and/or troubled young men between the ages of 12 and 20, including housing, educational services, employment, and semi-independent living. Whitmarsh's resources include a network of group homes and the Vision School, which in addition to regular education also provides special education services through the Project Vision School.

Although his Complaint is difficult to read, it appears that Plaintiff is making essentially two claims against Defendants. First, Plaintiff contends that he was discriminated against on the basis of a disability under the Americans with Disabilities Act and corresponding Rhode Island state law. Second, Plaintiff claims that Defendants violated the educational rights of their students by allegedly not following the appropriate certification procedures with respect to the hiring of teachers

Defendants provided their Rule 26(a)(1) Initial Disclosures to Plaintiff on March 14, 2008. To date, however, Plaintiff has not provided his Rule 26(a)(1) Initial Disclosures to Defendants. The Written Discovery in this matter was served on May 19, 2008. Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiffs' responses to the Written Discovery were due on June 19, 2008. Having not received any responses from Plaintiff, counsel for Defendant sent Plaintiff (who is pro se) a letter on June 30, 2008, requesting responses within two weeks. To date, Plaintiff has yet to provide any responses to Defendants' Written Discovery.

## ARGUMENT

Plaintiff's Rule 26(a)(1) Initial Disclosures are approximately four months overdue and his responses to Defendants' Written Discovery are now 39 days overdue. Defendants have provided Plaintiff the courtesy of extra time to provide the requested discovery responses to no avail. No good reason exists for Plaintiff's failure to respond to the Written Discovery or to provide his Rule 26(a)(1) Initial Disclosures. Accordingly, Plaintiff should be compelled to respond to the Written Discovery and provide his Initial Disclosures within twenty (20) days of the date hereof.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion to compel be granted.

DEFENDANTS, WHITMARSH CORPORATION
and BROTHER JOHN McHALE.
By Their Attorneys,

*/s/ Michael D. Chittick*
DAVID A. WOLLIN (#4950)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: July 28, 2008

## **Statement Under Local Rule Cv 7(e)**

Defendant does not request oral argument or an evidentiary hearing.

## **Rule 37(a) Certification**

I hereby certify that Defendants conferred in good faith with Plaintiff in an effort to secure the discovery sought without court action.

*/s/ Michael D. Chittick*

## **CERTIFICATE OF SERVICE**

On this 29th day of July, 2008, I caused a true and accurate copy of the within to be sent via first-class mail, postage prepaid, to Simon J. Richardson, 102 Seventh Street, Providence, Rhode Island 02906.

*/s/ Michael D. Chittick*

*462890_1*